**IN THE UNITED STATES DISTRICT**
**COURT DISTRICT OF NEW JERSEY**

---------------------------------------------------------------X

JANE DOE,

               PLAINTIFF,

               v.

NEW JERSEY DEPARTMENT OF EDUCATION,
BURLINGTON COUNTY OFFICE OF EDUCATION,
BURLINGTON COUNTY OFFICE OF EDUCATION
AKA BURLINGTON COUNTY SUPERINTENDENT
OF SCHOOLS, RANCOCAS VALLEY REGIONAL
HIGH SCHOOL DISTRICT, RANCOCAS VALLEY
REGIONAL HIGH SCHOOL, JOSEPH R. MARTIN (in
his individual and official capacity, GARY JIAMPETTI
(in his individual and official capacity); and JOHN DOE
(in his individual and official capacity),

               DEFENDANTS.

---------------------------------------------------------------X

Civil Action No.


COMPLAINT

Plaintiff, Jane Doe, by and through her attorneys, Derek Smith Law Group, PLLC,

upon information and belief, complains against Defendants as follows:


## **NATURE OF THE CASE**

1.     Plaintiff Doe brings this action, charging that the Defendants violated Plaintiff

Doe's rights pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a),

as more fully set forth herein.

2.     Plaintiff also brings this action to redress the deprivation of Plaintiff Doe's

constitutional rights under the Fourteenth Amendment of the United States Constitution

pursuant to 42 U.S.C. § 1983.

3.     Plaintiff Doe also seeks to remedy violations of the laws of New Jersey to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against on the basis of her sex/gender, and for making complaints about such discrimination.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, which gives district court's jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

5.     This court has jurisdiction in that this action involves a Federal Question.

6.     This Court has supplemental jurisdiction under 28 U.S.C. §1367.

7.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), since Defendants are located in this judicial district and all or a substantial part of the events which give rise to the claim herein occurred in this district.

**PARTIES**

9.      Plaintiff Jane Doe is an adult resident of the District of New Jersey and at the time of the events which gave rise to this Complaint, Plaintiff resided in Burlington County, New Jersey.

10.     Plaintiff is referred to herein as Plaintiff Doe due to the extreme hardship such revelation of her identity would cause and the need to protect victims of sexual violence.

11.      The identity of the victim is known to Defendants and Plaintiff will be made available for any and all court proceedings.

12.     Defendant New Jersey Department of Education is a governmental entity receiving Federal financial assistance.

13.     Defendant New Jersey Department of Education, according to its website, "supports schools, educators, and districts to ensure all of New Jersey's 1.4 million students have equitable access to high quality education and achieve academic excellence."

14.     Defendant New Jersey Department of Education's address is 100 Riverview Plaza, PO Box 500, Trenton NJ, 08625.

15.     Defendant New Jersey Department of Education acts as an agent of the State of New Jersey for the sole purpose of administering its constitutional, statutory and contractual obligation to maintain and support a system of public education in the State of New Jersey.

16.     Defendant Burlington County Office of Education is a governmental entity receiving Federal financial assistance.

17.     Defendant Burlington County Office of Education, according to its website, "serves as a field office of the Department of Education. It gives assistance to parents and school districts on school related issues."

3

18.     Defendant Burlington County Office of Education is also known as Burlington County Superintendent of Schools.

19.     Defendant Burlington County Office of Education AKA Burlington County Superintendent of Schools is a governmental entity receiving Federal financial assistance.

20.     Defendant Burlington County Office of Education AKA Burlington County Superintendent of Schools is located at 795 Woodlane Road, Westhampton NJ, 08060.

21.     Defendant Burlington County Office of Education AKA Burlington County Superintendent of Schools acts as an agent of the State of New Jersey for the sole purpose of administering its constitutional, statutory and contractual obligation to maintain and support a system of public education in Burlington County, New Jersey.

22.     Defendant Rancocas Valley Regional High School District (hereinafter Defendant RVRHSD) is a governmental entity receiving Federal financial assistance.

23.     Defendant RVRHSD's address is 520 Harding Jacksonville Road, Mt. Holly NJ, 08060.

24.     Defendant RVRHSD acts as an agent of the State of New Jersey for the sole purpose of administering its constitutional, statutory, and contractual obligation to maintain and support a system of public education in Burlington County, New Jersey.

25.     Defendant Rancocas Valley Regional High School (hereinafter Defendant RVRHS) is a governmental entity receiving Federal financial assistance.

26.     Defendant RVRHS is located at 520 Harding Jacksonville Road, Mt. Holly, NJ, 08060.

27.     Defendant RVRHS acts as an agent of the State of New Jersey for the sole purpose of administering its constitutional, statutory, and contractual obligation to maintain

4

and support a system of public education in five communities in Burlington County, New Jersey.

28.     Defendant Joseph R. Martin (hereinafter "Defendant Martin") was the principal of Defendant RVRHS at all times   relevant to this Complaint.  In that capacity, Defendant Martin was the chief administrator of the School and was responsible for carrying out the rules, policies and procedures as established  by The School District and supervised all  employees at Defendant RVRHS.  Defendant Martin is being sued in his individual  capacity and in his supervisory capacity as Principal of RVRHS.

29.     At all times relevant to the instant Complaint, Defendant Martin was acting under color of state law and was engaged in the course and scope of his employment as an employee, agent and official of Defendants New Jersey Department of Education, Burlington County Office of Education, Burlington County Office of Education AKA Burlington County Superintendent of Schools, Rancocas Valley Regional High School District, and Rancocas Valley Regional High School.

30.     Defendant Gary Jiampetti (hereinafter "Defendant Jiampetti") was a teacher at Defendant RVRHS at all times   relevant to this Complaint.  In that capacity, Defendant Jiampetti was responsible for carrying out the rules, policies and procedures as established  by The School District.  Defendant Jiampetti is being sued in his individual  capacity and in his official capacity.

31.     At all times relevant to the instant Complaint, Defendant Jiampetti was acting under color of state law and was engaged in the course and scope of his employment as an employee, agent and official of Defendants New Jersey Department of Education, Burlington County Office of Education, Burlington County Office of Education AKA Burlington County

Superintendent of Schools, Rancocas Valley Regional High School District, and Rancocas Valley Regional High School.

32.     Defendant John Doe (hereinafter "Defendant Doe") was a staff member at Defendant RVRHS at all times  relevant to this Complaint.  In that capacity, Defendant Doe was responsible for carrying out the rules, policies and procedures as established  by The School District.  Defendant Doe is being sued in his individual  capacity and in his official capacity.

33.     At all times relevant to the instant Complaint, Defendant Doe was acting under color of state law and was engaged in the course and scope of his employment as an employee, agent and official of Defendants New Jersey Department of Education, Burlington County Office of Education, Burlington County Office of Education AKA Burlington County Superintendent of Schools, Rancocas Valley Regional High School District, and Rancocas Valley Regional High School.

## APPLICABLE LAW AND POLICY

34.     Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…

35.     Title IX is implemented through the Code of Federal Regulations.  See 34 C.F.R. Part 106

36.     34 C.F.R. § 106.8(b) provides:

…A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action would be

prohibited by this part.

37.     In *Davis v. Monroe County Board of Education,* 526 U.S. 629 (1999), the United States Supreme Court extended the private damages action recognized in *Gebser* to cases where the harasser is a student rather than a teacher.

38.     *Davis* held that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding recipient is

> a)     Deliberately indifferent to sexual harassment of which the recipient has actual knowledge, and

> b)     The harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits by the school. *Davis,* 526 U.S. at 1669-76

39.     The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall, "deny to any person within its jurisdiction the equal protection of the laws" U.S. Const. amend. XIV, § 1.

40.     The Burlington County School District has also adopted the HIB (Harassment, Intimidation and Bullying) Policy #5512. That policy defines harassment to include "any gesture, any written, verbal or physical act…whether it be a single incident or a series of incidences" the policy further states that the conduct is considered harassment if it "[i]s reasonably perceived as being motivated…by gender, sexual orientation that…takes place on school property, at any school-sponsored function… that a reasonable person should know, under the circumstances, that the act(s) will have the effect of physically or emotionally harming a pupil…or placing a pupil in reasonable fear of physical or emotional hard to his/her

person…or has the effects of insulting or demeaning any pupil or group of pupils…or creates a hostile educational environment for the pupil by interfering with a pupil's education or by severely or pervasively causing physical or emotional harm to the pupil."

41.    Pursuant to N.J.A.C. 6A:16-7.1, the reporting procedure all "school employees…who have contact with pupils are required to verbally report alleged violations of this Policy to the Principal or the Principal's designee on the same day when the individual witnessed or received reliable information regarding any such incident."  Once the incident is reported, the aforementioned individuals who were apprised of the incident shall also submit a written report within two days of the verbal report.  Thereafter, the Principal shall inform the parents of all pupils involved in the incidents.  Furthermore, "The Principal, upon receiving a verbal or written report, may take interim measures to ensure the safety, health, and welfare of all parties pending the findings of the investigation."  The policy goes on to state "A school administrator who receives a report of harassment…or who should have known of an incident of harassment…and fails to take sufficient action to minimize or eliminate the harassment…may be subject to disciplinary action."

42.    The Burlington County School District Board of Education also implements the Notice of Nondiscrimination which states:  "The Board of Education strictly prohibits all forms of discrimination and harassment on the basis of…sex…." and "[t]he School District that the School District's educational program…and other functions shall be free of all forms of discrimination and harassment."  The policy directs all complaints of discrimination to the School District's AAO Title IX Coordinators and ADA 504 Compliance Officers.

## FACTS

43.     At all times relevant to this Complaint, Defendant RVRHS was a public school within the Defendant RVRHSD.

44.     At the time of the events which gave rise to this Complaint, Jane Doe (hereinafter "the Plaintiff") was eighteen years of age and was enrolled as a student at RVRHS.

45.     Plaintiff was previously sexually assaulted.

46.     Defendants were aware of the above fact and that Plaintiff was therefore vulnerable and at risk for exacerbation of previous conditions related to her prior trauma.

47.     Beginning in or around 2018, and while Plaintiff was a student at RVRHS, Defendant Jiampetti sexually harassed Plaintiff and inappropriately touched Plaintiff's breasts.

48.     Upon information and belief, Defendants were on notice that Defendant Jiampetti unlawfully interacted and touched female students of Defendant RVRHS.

49.     By way of example, and by no means an exhaustive list, numerous female students told teachers and staff of Defendant RVRHS, including but not limited to Defendant Doe and Defendant Martin about the harassment and inappropriate physical touching by Defendant Jiampetti.

50.     All employees of Defendant RVRHS who knew about Defendant Jiampetti's unlawful behavior were supervised by the school Principal, Defendant Martin.

51.     All employees of Defendant RVRHS, including but not limited to Defendant Doe and Defendant Martin, who knew about Defendant Jiampetti's unlawful behavior failed to thoroughly investigate and/or address the sexual assault and sexual harassment.

52.     The sexual harassment and assaults by Defendant Jiampetti began in 2018 and continued into 2019.

53.     By way of example and by no means an exhaustive list, in or around December 2018, Defendant Jiampetti grabbed Plaintiff's breast.

54.     Plaintiff was emotionally distraught, embarrassed, and upset by Defendant Jiampetti's sexual assault.

55.     In or around the same time, Defendant Jiampetti also made inappropriate comments about using the bathroom.

56.     Plaintiff felt uncomfortable that Defendant Jiampetti would be talking about his use of the bathroom and became fearful that he was going to follow her into the bathroom.

57.     A few days after the above comment, Defendant Jiampetti made another inappropriate comment which insinuated that Plaintiff would receive an "A" grade in exchange for saying he was her "favorite" teacher.

58.     Defendant Jiampetti's tone and body language implied he was her favorite teacher physically.

59.     Plaintiff's sister, A.W., a minor, was present and stated that the conversation was "inappropriate" and "strange" and said also stated "don't say things like that."

60.     Defendant Jiampetti on at least one occasion stated to Plaintiff, "I will miss you."

61.     This comment made Plaintiff uncomfortable, embarrassed, and distressed.

62.     On another occasion Defendant Jiampetti leaned over at an extremely uncomfortable closeness making Plaintiff feel very uneasy and unsafe.

63.     On multiple occasions during health and gym class Plaintiff would find Defendant Jiampetti gawking, leering, and looking her up and down.

64.     In or around January 2019, Plaintiff did not want to go to school due to Defendant Jiampetti's behavior and the extreme discomfort it was making her feel.

65.     Plaintiff reported to an individual staff member at Plaintiff's residential treatment facility, that she did not want to go because a teacher at the school was making her uncomfortable.

66.     That individual informed the residential treatment facility's school liaison, of what Plaintiff had told her.

67.     That individual then informed Plaintiff's case manager for the child study team working out of RVRHS.

68.     Subsequently, Plaintiff spoke with numerous staff of Defendant RVRHS.

69.     Plaintiff informed said staff of what Defendant Jiampetti had been saying and doing, including but not limited to making inappropriate sexually charged comments and touching her breast.

70.     It was then requested Plaintiff to come directly to the school's office upon Plaintiff's arrival at school.

71.     The school gathered more information from Plaintiff and notified her that going forward, she would not be attending class with Defendant Jiampetti and would alternatively go to the guidance office or the library during that class period.

72.     Plaintiff was never reassigned for another health or gym class.

73.     Additionally, Plaintiff was forced to continue to see Defendant Jiampetti daily and would often be forced to take different and longer routes through the school to avoid an encounter with Defendant Jiampetti.

11

74.     The school made no effort to prevent Plaintiff from having contact with Defendant Jiampetti.

75.     The school made no effort to contact Plaintiff's mother.

76.     On or around January 30, 2019, a news reports broke that another teacher of Defendant RVRHS was charged with having sex with a student.

77.     Plaintiff, feeling emboldened by another student speaking out, informed her mother, Ms. Franklin (hereinafter "Ms. Franklin"), that Defendant Jiampetti had sexually harassed and assaulted her.

78.      Ms. Franklin went to the school immediately the next day to discuss the sexual assault and harassment of her daughter with Defendant Martin.

79.     Ms. Franklin entered Defendant RVRHS and was stopped by a female security guard whereupon Ms. Franklin informed the security guard that she was there to speak with the principal.

80.     Upon arrival, Ms. Franklin was approached by a school official, Defendant Doe, who then escorted her to his office to discuss her concerns.

81.     Ms. Franklin informed Defendant Doe that Defendant Jiampetti had placed his hands around [Plaintiff's] shoulder and placed his hand on her breast and that Plaintiff moved to avoid this inappropriate touching, however, Defendant Jiampetti proceeded to purposefully relocate his hand to directly on top of Plaintiff's breast.

82.     Defendant Doe informed Ms. Franklin that he, "knew about the allegations," and that he had, "called individuals into the office and questioned them about it."

83.     Furthermore, Defendant Doe indicated that he had spoken with Defendant Jiampetti and Defendant Jiampetti indicated he was sorry but that the incident involving his touching of Plaintiff's breast was an accident.

84.     Upon information and belief, Defendant Doe's investigation was insufficient and resulted in no disciplinary action of Defendant Jiampetti.

85.     Defendant Doe assured Ms. Franklin that Plaintiff would not be assigned to any of Defendant Jiampetti's classes and requested time to accomplish moving Plaintiff so that she would not have to pass Defendant Jiampetti in the hallway and to also speak with Defendant Jiampetti's direct supervisor and Superintendent.

86.     Finally, Defendant Doe indicated that he would report the allegations to the Superintendent of Schools and would be in touch regarding any further investigation and any additional measures Defendants were able to take to ensure Plaintiff's safety.

87.     Upon information and belief, Plaintiff was never moved, she still continued to pass Defendant Jiampetti in the hall, and Defendant Doe did not report the allegations to any of his superiors.

88.     Ms. Franklin never received any follow up from Defendant Doe.

89.     To date, Ms. Franklin has received no additional correspondence from any of the Defendants regarding Plaintiff's reports.

90.     Plaintiff remained in Defendant RVRHS until she completed her credits in December of 2019, during which time Plaintiff was forced to endure encountering Defendant Jiampetti on numerous occasions causing her distress.

91.     Every time Plaintiff would see or have to discuss Defendant Jiampetti, she would suffer severe emotional trauma, flashbacks and exacerbation, aggravation, activation of post-traumatic stress disorder.

92.     By way of example and by no means an exhaustive list, in or around February 2019, Plaintiff was due to receive her CPR certification.

93.     Plaintiff's receipt of her certification was delayed in retaliation for her complaints of unlawful conduct on the part of Defendants.

94.     Upon information and belief Defendant Jiampetti gave teachers the misinformation that was conveyed to Plaintiff delaying her certification and causing her distress.

95.     By way of further example, on or around June 19, 2019, Defendants attempted to prevent Plaintiff from participation in the Defendant RVRHS's in-person graduation,

96.     Only after an inordinate amount of significant effort, was Plaintiff finally granted permission to participate in graduation.

97.     Upon information and belief, this delay in Plaintiff's receiving graduation information and permission to attend graduation was in retaliation for her complaints of unlawful conduct on the part of Defendants.

98.     Every time Plaintiff saw Defendant Jiampetti, she would experience a deep fear of being sexually assaulted forcing her to relive the traumatic assault from her past.

99.     As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

100.    Despite the facts and circumstances known to him, Defendant Martin failed to provide appropriate security at Defendant RVRHS to protect Plaintiff and others from foreseeable harm.

101.    Prior to this attack, and by his actions, conduct and inactions, Defendant Martin and Defendant Doe failed  to protect Plaintiff from the foreseeable harm posed by Defendant Jiampetti.

102.    Upon information and belief, Defendant Martin, Defendant Doe, and other teachers, supervisors, and employees of the Defendant RVRHS were, between January 2018 and December 2018, repeatedly told by Defendant RVRHS students that they had been subjected to ongoing acts of sexual assault and sexual harassment, by Defendant Jiampetti.

103.    Upon information and belief, Defendant RVRHS students, their family and others repeatedly asked Defendant Martin, Defendant Doe, and other teachers, supervisors, and employees of the Defendant RVRHS to take steps to prevent the ongoing acts of sexual assault and sexual harassment, by Defendant Jiampetti.

104.    Upon information and belief, Defendant Martin, Defendant Doe, and other teachers, supervisors, and employees of the Defendant RVRHS were advised of the details of the ongoing sexual assaults and harassment by Defendant Jiampetti.

105.    Despite the complaints and requests by Defendant RVRHS students, their families and others, all Defendants   failed to take any action to prevent the ongoing attacks, threats and harassment and, moreover,   increased the danger of harm to Plaintiff and others by requiring victimized students, including  Plaintiff, to remain on school property despite the imminent danger of serious harm.

106.     The harms sustained by Plaintiff were the direct and foreseeable result of all Defendants  actions, policies and procedures.  Defendants acted with deliberate indifference to the Plaintiff's   safety and well-being and created a situation in which Defendant Jiampetti was afforded  the  opportunity  to   continue  to  assault,  harass,  intimidate  and  otherwise  harm Plaintiff.

107.     As  a  result  of  all  Defendants'  actions,  policies  and  procedures,  Plaintiff sustained  physical   injuries,  pain  and  suffering,  psychological  harm  and  emotional  distress, some or all of which  may be permanent.

108.     Defendants acted willfully, deliberately, maliciously, with reckless disregard or deliberate  indifference to the Plaintiff's constitutional and statutory rights.

109.     The  above  are  just  some  of  the  examples  of  unlawful  discrimination  and retaliation to which the Defendants subjected the Plaintiff.

110.     Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

111.     Plaintiff claims that Defendants discriminated against Plaintiff because of her sex/gender and because she complained or opposed the unlawful conduct of Defendants.

112.     Plaintiff  further  claims  aggravation,  activation,  and/or  exacerbation  of  any preexisting condition.

**AS A FIRST CAUSE OF ACTION**
**DISCRIMINATION**
**UNDER TITLE IX**
**(asserted by Plaintiff Doe)**
**(against Defendant Rancocas Valley Regional High School District and Rancocas Valley Regional High School)**

113.     Plaintiff repeats, reiterates and realleges each and every paragraph as if said

paragraph was more fully set forth herein at length.

114.   Title IX provides, in relevant part, that "No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

115.   (1) Plaintiff as a female is a member of a protected group; (2) she was subjected to unwelcome sexual harassment, physical touching, and other verbal or physical conduct of a sexual nature; (3) the harassment was based on Plaintiff's sex; (4) the harassment was sufficiently severe or pervasive so as to alter the conditions of her education and create an abusive educational environment; and (5) some basis for institutional liability has been established.

116.   20 U.S.C. §1681(a) states in relevant part as follows:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discriminate under any education program or activity receiving Federal financial assistance.

117.   Plaintiff was discriminated against because of her sex under 20 U.S.C. §1681(a) and denied the benefits of Defendant's educational program and has suffered damages as set forth herein.

118.   Defendant further violated Title IX by failing to educate students on sexual harassment and assault, failing to take prompt action, failing to afford Plaintiff a hearing with the right to present evidence, and failing to remove the sexually aggressive teacher from Defendant RVRHS.

112.     The sex-based harassment articulated in the Plaintiff's Statement of Facts was so severe, pervasive, and objectively offensive that Plaintiff Doe was deprived of access to educational opportunities or benefits provided by the school.

113.     Defendants, RVRHSD and RVRHS, and it's officials had actual knowledge of the sexual harassment of Plaintiff Doe created by its failure to investigate, address and discipline Plaintiff Doe's harasser in a timely manner and consistent with its own policy and federal and state law.

114.     Defendant, RVRHSD and RVRHS's failure to promptly and appropriately respond to the sexual harassment of Plaintiff Doe, resulted in Plaintiff Doe, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in Defendants RVRHSD and RVRHS's education programs in violation of Title IX.

115.     Defendants RVRHSD and RVRHS, failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and instead acted with deliberate indifference toward Plaintiff Doe.

116.     Defendants RVRHSD and RVRHS, persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff Doe.

117.     Defendants RVRHSD and RVRHS, engaged in patterns and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually assaulted from seeking prosecution and protection, and from seeking to have sexual assaults be fully investigated.

118.     This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students.

119.    Plaintiff Doe has suffered emotional distress and psychological damage as a direct and proximate result of Defendants RVRHSD and RVRHS's, deliberate indifference to her rights under Title IX.

120.    Defendants had actual knowledge that Defendant Jiampetti had engaged in sexual misconduct in Defendants' program and activities and Defendants acted with deliberate indifference with respect to addressing the sexual misconduct that the institution knew was occurring.

121.    Plaintiff Doe's educational experience was permeated with discriminatory intimidation, ridicule, and insult that were sufficiently severe or pervasive so as to alter the conditions of the plaintiff's educational environment.

**AS A SECOND CAUSE OF ACTION**
**RETALIATION**
**<u>UNDER TITLE IX</u>**
**(asserted by Plaintiff Doe)**
**(against Defendants Rancocas Valley Regional High School District and Rancocas Valley Regional High School)**

122.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

123.    Under 20 U.S.C. §1681(a) retaliation also constitutes discrimination.

124.    After Plaintiff complained of discrimination, Defendants retaliated against Plaintiff by, failing to take prompt and appropriate action; failing to afford Plaintiff a hearing with the right to present evidence, and failing to remove the sexually aggressive teacher from Defendant RVRHS.

125.    After  Plaintiff Doe complained  of  discrimination,  Defendants  retaliated against Plaintiff Doe by, failing to take prompt and appropriate action, failing to reassign her to another health class, failing to provide her and education free from Defendant Jiampetti, withholding her CPR certificate for an unnecessarily long period of time, attempting to prevent her from participating in graduation, and/or finding an alternate suitable educational program for Plaintiff Doe.

126.    Defendants  retaliated  against Plaintiff by  not taking  appropriate  action  in retaliation  for  Plaintiff's  complaints  of  the sexual harassment  and  sexual assault  and  in not  following  proper  procedures  under  Title IX.

### AS A THIRD CAUSE OF ACTION
### VIOLATION OF THE CONSTITUTIONAL RIGHTS OF PLAINTIFF
### UNDER 42 U.S.C.A. §1983
**(asserted by Plaintiff Doe)**
**(against ALL defendants)**

127.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above  paragraphs of this Complaint as if more fully set forth herein at length.

128.    As a direct and proximate result of all Defendants' conduct, committed under color of state   law, Defendants deprived Plaintiff Doe of her constitutionally protected due process rights and liberty interests in being secure in her person and bodily integrity and being free from  unwarranted assaults and personal threats.  Defendants violated Plaintiff's right to freedom from school officials' deliberate indifference to, or acts which increase the danger of, injury from  unjustified invasions of bodily integrity by third parties in a school setting.  As a result, Plaintiff suffered and continues to suffer harm, in violation of her rights under  the  laws  and  Constitution  of  the  United  States,  in  particular  the  Fourteenth

Amendment thereof, and 42 U.S.C. §1983.

129.    As a direct and proximate result of the acts and omissions of all Defendants, Plaintiff sustained physical injuries, pain, suffering and psychological harm, all to her detriment and loss.

130.    Defendant Martin and Defendant RVRHS, whose actions, failures to act, conduct and omissions placed Plaintiff in greater harm, are liable in their collective capacity for the injuries sustained by Plaintiff.

131.    Defendant Martin, in his capacity as supervisor of Defendant Jiampetti and the teachers, security personnel and others referenced above, is liable for the harms sustained by Plaintiff as he failed to adequately train, supervise and discipline his employees in a manner that   would have prevented Plaintiff from being subjected to danger under such circumstances as   presented herein.

132.    Defendants RVRHSD and RVRHS have encouraged, tolerated, condoned, ratified and have been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision or discipline in the areas of:

> a.    The failure to take prompt and appropriate action with regard to assaults, threats, harassment and intimidation of public-school children by teachers;
>
> b.    The concealment and/or under-reporting of incidents of sexual harassment or assault at Defendant RVRHS and other Burlington School District schools involving teacher-on-student attacks, thereby creating the false impression that it was safe to attend these schools without fear of being

subjected to sexual harassment by school employees;

c.      The failure to respond to violent incidents at Defendant RVRHS involving teacher-on-student sexual harassment by taking appropriate remedial measures;

d.      The requirement that students be compelled to remain within the supervision of offenders under such  circumstances that the student is exposed to greater harm rather than removing dangerous and offending teachers from the school, transferring the student to another school, or providing the victimized student with other reasonable alternatives;

e.      The failure of school district administrators, supervisors, teachers and employees to follow established policies, procedures, directives and instructions regarding the investigation of misconduct by teachers and the protection of children who have been the victims of unlawful behavior committed by teachers, including but not limited to assaults, threats, harassment and intimidation under such circumstances as presented herein;

f.      The failure to properly train, supervise and discipline school district administrators,   supervisors, teachers and employees regarding the investigation and punishment of misconduct  by teachers and the protection of children who have been the victims of unlawful behavior committed by school employees, including but not limited to assaults, threats, harassment and intimidation under such circumstances as presented herein;

g.      The failure to promulgate or follow policies and procedures which ensure that students are  protected from the unlawful conduct of teachers,

including the prompt removal of offending teachers and/or the prompt transferring of victimized students to other schools under such circumstances as presented herein; and

h.      The failure to identify and take remedial or disciplinary action against school district supervisors and employees, including Defendant Jiampetti, where there was reason to believe that those individuals had failed to adequately respond to incidents of teacher-on-student harassment under such circumstances as presented herein.

133.    Plaintiff Doe claims Defendants violated 42 U.S.C. § 1983, which states in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

134.    The Fourteenth Amendment of the United States Constitution states in relevant part that "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

135.     Plaintiff Doe whom   Defendants   denied   equal   protection   of   the   laws   by discriminating against her on the basis of her gender and age.

136.     The  Due  Process  Clause  of  the  Fourteenth  Amendment  to  the  United States Constitution prohibits Defendants from depriving any person of life, liberty, or property without due process of law.

137.     Defendants denied Plaintiff Doe her right to life, liberty, or property without due process of law by allowing Plaintiff to be sexually harassed.

138.     Each of the Defendants violated the Plaintiff Doe's constitutional rights as set forth herein, including but not limited to Due Process and equal protection.

139.     Defendants violated the above section as set forth herein.

140.     Defendants further violated 42 U.S.C.A. §1983 by not protecting Plaintiff Doe's fundamental right to bodily integrity, as outlined above.

141.     Defendants violated 42 U.S.C.A. §1983 by discriminating against Plaintiff on the basis of sex by allowing the above-mentioned sexual attack to occur.

142.     By these actions, Defendants have deprived the Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.


### AS A FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(asserted by Plaintiff Doe)**
**(against ALL defendants)**

143.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

144.     Defendants  intentionally caused  severe  emotional  distress  to  the  Plaintiff  Doe by their deliberate indifference to the discrimination.

24

145.    Defendants' discriminatory and intolerable treatment, including but not limited to Defendant Jiampetti's senseless physical harassment upon Plaintiff Doe.

146.    Additionally, the failure to act and lack of response, by agents and employees of Defendants RVRHSD and RVRHS, to Defendant Jiampetti's sexual harassment of Plaintiff Doe is a breach of their duty of care.

147.    As a direct and proximate result of Defendants' intentional and indifferent conduct, the Plaintiff Doe suffered severe pain, emotional distress, and mental anguish as the result of being sexually harassed.


### AS A FIFTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(asserted alternatively by Plaintiff Doe)**
**(against ALL defendants)**

148.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

149.    Defendants, negligently caused severe emotional distress to Plaintiff Doe by their extremely negligent actions and breach of their duty of care, including but not limited to the senseless physical harassment upon the Plaintiff which directly led to her emotional injuries.

150.    As a direct and proximate result of Defendants' extremely negligent, reckless, and indifferent conduct, the Plaintiff suffered severe pain, emotional distress, and mental anguish as the result of being sexually harassed and made to encounter her harasser time and time again.

151.    As a direct and proximate result of Defendants' intentional and indifferent conduct, the Plaintiff Doe suffered severe pain, emotional distress, and mental anguish as the result of being sexually harassed and made to encounter her harasser time and time again.

## AS A SIXTH CAUSE OF ACTION
## <u>NEGLIGENCE</u>
**(asserted by Plaintiff Doe)**
**(against ALL defendants)**

152.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

153.     Defendants owed Plaintiff Doe a duty to properly educate their students and staff of sexual harassment and assault and to take all other appropriate measures to prevent sexual violence against their students.

154.     Defendants also had a duty to take appropriate action to protect Plaintiff Doe from her harasser and the effects of the sexual harassment after the incident.

155.     Defendants also knew or should have known of the deviant sexual and/or social propensities of Defendant Jiampetti and failed to take appropriate action.

156.     At no point did Defendants discipline Defendant Jiampetti or remove him from the school for the harassment reported by Plaintiff Doe or Plaintiff Doe's mother, Ms. Franklin.

157.     At no point did Defendants take appropriate steps to protect Plaintiff Doe from being sexually harassed by Defendant Jiampetti.

158.     Nor was any effort made to separate Plaintiff Doe and Defendant Jiampetti.

159.     On the contrary, notwithstanding Plaintiff Doe's complaints, nothing was done to assuage Plaintiff's situation.

160.     Defendants breached these duties when it remained idle in the face of known teacher-on-student harassment in its school.

161.     Even after Plaintiff Doe was harassed, Defendants still did not remove Defendant Jiampetti from contact with Plaintiff Doe, and Plaintiff Doe was forced to endure the torture of being in or avoiding the presence of her harasser every day at school. Plaintiff Doe was forced to

relive the discomfort and shame of the sexual harassment again and again every time she saw Defendant Jiampetti.

162. Defendants had the duty to act in loco parentis of the Plaintiff Doe. Defendants were negligent in allowing Plaintiff Doe to be sexually harassed.

163. Defendants blatantly breached that duty.

164. As a result, Plaintiff Doe was damaged in an amount to be determined at the time of trial.

**AS A SEVENTH CAUSE OF ACTION**
**<u>NEGLIGENT HIRING, TRAINING AND SUPERVISION</u>**
**(asserted by Plaintiff Doe)**
**(against ALL defendants)**

165. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

166. At all times relevant herein, the employees and agents of Defendants, RVRHSD and RVRHS, were acting under the direction and control, and pursuant to the rules, regulations, policies and procedure put in place by Defendants.

167. Defendants RVRHSD and RVRHS and Principal, Defendant Martin acted in contravention to their duty of care to Plaintiff Doe, negligently, carelessly and recklessly by failing to properly hire, train, supervise, control, direct and monitor their employees, security staff and agents in their duties and responsibilities.

168. As a direct and proximate result of the acts and omissions of Defendants RVRHSD and RVRHS and Principal, Defendant Martin, the Plaintiff Doe was wrongfully and unlawfully harassed at Defendant RVRHS in and/or near the presence of agents and employees of Defendants RVRHSD and RVRHS and Principal, Defendant Martin.

169.    Defendants had the duty to act in loco parentis of the Plaintiff Doe. Defendants were negligent in allowing Plaintiff Doe to be sexually harassed.

## JURY DEMAND

Plaintiff demands a jury trial as to each Defendant and as to each count.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
March 1, 2021

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for PLAINTIFF*
By:   */s/ Catherine W. Smith, Esq.*
Catherine W Smith, Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 391-4790 (Phone)
(215) 893-5288 (Fax)