[Doc. No. 18]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JANE DOE,<br><br>                **Plaintiff,**<br><br>   v.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, et al.,<br><br>                **Defendants.** | Civil No. 21-3720 (NLH/MJS) |

**O P I N I O N   A N D   O R D E R**

Pending before the Court is a Motion for a Stay of Proceedings Pending the Resolution of a Related Criminal Matter brought by defendant Gary Jiampetti [Doc. No. 18]. The Court is in receipt of the opposition filed by plaintiff Jane Doe [Doc. No. 21] as well as defendant Gary Jiampetti's reply and January 6, 2022 letter [Doc. Nos. 23, 40]. The Court exercises its discretion to decide the Motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth herein, the motion to stay by defendant Gary Jiampetti is **GRANTED**.

**Background**

   **A. The Civil Action**

This action was commenced upon the filing of a complaint on March 1, 2021 against defendants New Jersey Department of

1

Education, Burlington County Office of Education, Burlington County Superintendent of Schools, Rancocas Valley Regional High School District, Rancocas Valley Regional High School,[1] Joseph R. Martin (in his individual and official capacity), Gary Jiampetti (in his individual and official capacity), and John Doe (in his individual and official capacity). See Complaint [Doc. No. 1]. Plaintiff alleges that while enrolled at defendant RVRHS, defendant Jiampetti sexually assaulted and sexually harassed Plaintiff between 2018 and 2019. Complaint ¶¶ 47, 52. Plaintiff further alleges that defendant Martin, defendant Doe, and other teachers, supervisors, and employees of defendant RVRHS were, between January 2018 and December 2018, repeatedly told by defendant RVRHS students that they had been subjected to ongoing acts of sexual assault and sexual harassment by defendant Jiampetti. Id. ¶¶ 48, 49, 102. According to Plaintiff, all defendants failed to take any action to prevent the ongoing attacks, threats and harassment, and increased the harm to Plaintiff and others by requiring the alleged victimized students to remain on the school property. Id. ¶ 105.

---

[1] According to the Answer of defendants Rancocas Valley Regional High School District, Rancocas Valley Regional High School, and Joseph Martin, defendant Rancocas Valley Regional High School is not a legal entity. See Answer [Doc. No. 8]. Unless otherwise indicated, the Court refers to Rancocas Valley Regional High School District and Rancocas Valley Regional High School as "RVRHS" interchangeably in this Order.

Plaintiff brings claims of discrimination and retaliation under Title IX against defendant RVRHS, and a claim under 42 U.S.C. § 1983, a claim of intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligence, and Negligent Hiring, Training and Supervision against all defendants.

Defendant RVRHS and defendant Jiampetti deny the allegations in the complaint.[2]

**B. Defendant Jiampetti's Criminal Case**

Defendant Jiampetti is also currently facing criminal charges in the matter captioned State v. Jiampetti. On August 31, 2021, a state grand jury in Burlington County returned a one count indictment charging defendant Jiampetti, in his official capacity as a health and physical education teacher, with engaging in sexually explicit and inappropriate text messages during school hours with a student that resulted in a sexual relationship between them, contrary to the provisions of N.J.S.A. § 2C:30-2a. Indictment, No. 2021-08-0922-I, Doc. No. 40.

The Plaintiff in the civil case and the alleged victim in the criminal case were both students. Additionally, both the criminal and civil matters allege that defendant Jiampetti was acting in

---

[2] On September 20, 2021, the parties stipulated to the dismissal, without prejudice, of defendants New Jersey Department of Education, the Burlington County Office of Education, and the Burlington County Superintendent of Schools. Doc. No. 35.

3

his official capacity as a teacher when the alleged misconduct occurred.

**Discussion**

"A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances." Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F.Supp.2d 523, 526 (D.N.J. 1998). Indeed, Courts have discretion to stay cases in the interests of justice. Id.

The factors a court will consider in granting a stay in a civil case are: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest. Id. at 527. The Court addresses each factor herein.

**A. Overlap and Similarity of Issues**

This first factor, the overlap and similarity between the civil matter and criminal matter, is considered the most important. Walsh, 7 F.Supp. 2d at 527; Seeman v. Locane, 10-cv-6597, 2015 WL 5822806, at *1 (D.N.J. Oct. 1, 2015); Colombo v. Bd. Of Educ. for the Clifton Sch. Dist., 11-cv-0785, 2011 WL 5416058, at *3 (D.N.J.

4

Nov. 4, 2011). Here, the Court finds significant similarly and overlap of issues that weigh in favor of granting the motion for a stay.

Courts have found similarity of issues where a defendant is both a subject of a civil case and criminal investigation. While the two alleged victims in the criminal and civil matters are different, the Court can readily find, under the present circumstances, that the evidence and issues in both cases significantly overlap. Specifically, the Civil Complaint alleges:

> 52. The sexual harassment and assaults by Defendant Jiampetti began in 2018 and continued into 2019.
>
> 48. Upon information and belief, Defendants were on notice that Defendant Jiampetti unlawfully interacted and touched female students of Defendant RVRHS.
>
> 49. By way of example, and by no means an exhaustive list, numerous female students told teachers and staff of Defendant RVRHS, including but not limited to Defendant Doe and Defendant Martin about the harassment and inappropriate physical touching by Defendant Jiampetti.
>
> 102. Upon information and belief, Defendant Martin, Defendant Doe, and other teachers, supervisors, and employees of the Defendant RVRHS were, between January 2018 and December 2018, repeatedly told by Defendant RVRHS students that they has been subjected to ongoing acts of sexual assault and sexual harassment by Defendant Jiampetti.
>
> 103. Upon information and belief, Defendant RVRHS students, their family and others repeatedly asked Defendant Martin, Defendant Doe, and

> other teachers, supervisors, and employees of the Defendant RVRHS to take steps to prevent the ongoing acts of sexual assault and sexual harassment, by Defendant Jiampetti.
>
> 104. Upon information and belief, Defendant Martin, Defendant Doe, and other teachers, supervisors, and employees of the Defendant RVRHS were advised of the details of the ongoing sexual assaults and harassment by Defendant Jiampetti.

The Criminal Indictment charges that between September 1, 2017 and June 30, 2018, defendant Jiampetti "[i]n his official capacity as a Health and Physical Education Teacher did engage in sexually explicit and inappropriate text messages during school hours with a student . . . that resulted in a sexual relationship between them." See Doc. No. 40.

The core of both the civil matter and criminal matter is largely the same. See Green v. Cosby, 177 F. Supp. 3d 673, 678 (D. Mass. 2016) ("It is axiomatic that federal courts possess the inherent power to stay proceedings for prudential reasons. The pendency of a parallel or related criminal proceeding can constitute such a reason.")(internal citations and quotations omitted). Here, the alleged victims were students, both matters arise from defendant Jiampetti's position as a teacher, the alleged misconduct in both matters involved sexual contact with a student, and the alleged misconduct in both matters occurred during the same general time period (the civil and criminal matters specifically overlapped in 2018). In that regard, the Court cannot

6

foresee a scenario in which the discovery in the civil case will not, in substantial ways, overlap with the indicted criminal matter. See Walker v. The Nw. Mut. Life Ins. Co., No. 5:15-CV-79, 2015 WL 5178702, at *2 (E.D. Ky. Sept. 4, 2015) (granting a stay where there was "substantial overlap between the issues in the civil and criminal cases"). Indeed, Plaintiff represents in the Joint Discovery plan her intention to depose individual defendants, of which defendant Jiampetti is one, to learn about defendant Jiampetti's purported "sexual propensity." This would raise issues relevant to the indicted criminal matter. Defendant Jiampetti will risk self-incrimination in violation of the Fifth Amendment if he is forced to respond to any questions related to sexual harassment or sexual conduct in his capacity as a teacher because that would constitute evidence in support of the pending criminal charge. See Chao v. Fleming, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. July 6, 2007) ("[S]imultaneous civil and criminal proceedings involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings."). Therefore, the Court finds that the first and most important factor weighs in favor of staying the proceedings.

**B. Status of the Criminal Case**

Turning to the second factor, "the strongest case for a stay of discovery in the civil case occurs during a criminal prosecution

7

after an indictment is returned . . . [due to] the potential for self incrimination." Colombo, 2011 WL 5416058, at *3 (quoting Walsh, 7 F.Supp.2d at 527). Here, defendant Jiampatti has indicated an intent to assert his Fifth Amendment rights if necessary. Reply Br. at *5. Because an indictment has been returned in the closely related criminal prosecution and because defendant Jiampatti's Fifth Amendment rights are at issue, this factor counsels in favor of staying the proceedings.

### C. Prejudice to Plaintiff

Plaintiff argues that her claims involve incidents that occurred in high school in front of school age children. Plaintiff maintains that "[i]t is well known that high school children often go on to attend colleges out of state, receive job offers out of state, and relocate for other personal reasons." Response in Opposition at *6. As a result, Plaintiff argues a stay would prejudice her, as she may be unable to secure witnesses for trial or doing so would be expensive. Id. However, there is nothing before the Court to suggest that necessary witnesses would be unwilling or unable to testify in New Jersey or have even relocated. In the absence of some specific showing of prejudice, the Court declines to engage in speculation.

Plaintiff alleges that it is "arguable that during one's formative years memories are more likely to fade due to the significant amount of substantial life events one experiences

8

during this time." However, "[i]n Walsh, that court found that the third factor supported a stay despite Plaintiff's argument that 'a delay would cause memories to fade and assets to dissipate' and that '[a] stay could push back the resolution of the civil case by several months or even years.'" Walker v. County of Gloucester, 15-cv-7073, 2016 WL 1725942, at *2 (D.N.J. April 28, 2016); Piazza v. Young, 403 F.Supp.3d 421, 445 (M.D.Pa. 2019) ("And it is also true that, during a stay, '[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress.' The mere possibility of a 'less expeditious resolution,' however, 'is insufficient to show prejudice,' especially since the [Plaintiffs] have pointed to no 'particularly unique injury, such as the dissipation of assets or an attempt [by Defendants] to gain an unfair advantage from the stay.'" (internal quotations omitted). See also Hansen v. Rock Holdings, Inc., No. 219CV00179, 2020 WL 3867652, at *4 (E.D. Cal. July 9, 2020).

Plaintiff also argues that if the Plaintiff proceeds through discovery with respect to the other defendants without the benefit of discovery from defendant Jiampetti, the Plaintiff may need to reissue requests for admissions, interrogatories, and redepose witnesses. Response in Opposition at *6. The Court agrees. However, in light of the non-specific allegations of prejudice and the other factors that counsel in favor of a stay, the Court does not find that this argument overcomes the circumstances which favor

9

staying the litigation. Rather, as a matter of judicial efficiency, and as addressed further in the fifth Walsh factor below, this counsels in favor of staying discovery, at this time, for all defendants in order to avoid piecemeal litigation. Walker, 2016 WL 1725942, *3; Colombo, 2011 WL 5416058, at *6.[3]

**D. Burden on Defendant**

Under the fourth Walsh factor, the Court assesses the burden on the movant in proceeding without a stay. See Walsh, 7 F. Supp. 2d at 528. Here, defendant Jiampetti would be burdened by having to simultaneously defend the related civil and criminal matters. As addressed herein, defendant Jiampetti has been indicted on criminal charges and alleges that he "will be forced to choose between asserting his fundamental rights at the expense of his defense in the instant matter." Reply Br. at *3. Indeed, he will be forced to waive his Fifth Amendment rights in order to defend himself in this matter or he will invoke the privilege and suffer

---

[3] The Court will further assess with the parties, at the next status conference and upon receiving an update on the progress of defendant Jiampetti's criminal case, whether Plaintiff and the other defendants besides defendant Jiampetti should engage in certain limited areas of discovery. However, in staying this matter at this time, the Court is cognizant of the very real issue raised by Plaintiff in her brief, as it concerns proceeding with discovery with respect to the other defendants but not with respect to defendant Jiampetti. As the Court receives further updates regarding the timeframe around defendant Jiampetti's criminal matter, it will be in a better position to reassess the potential benefits of the other parties potentially engaging in certain limited areas of discovery versus the broader stay.

10

any adverse interests that may arise, resulting in a burden. Colombo, 2011 WL 5416058, at *5. Defendant Jiampetti's interest in preserving his Fifth Amendment right against self-incrimination overrides any countervailing interests in proceeding with discovery at this time. See Walker, 2016 WL 1725942, at *3; see also Government Employees Insurance Co. v. Koppel, 21-cv-3413, 2021 WL 3661276, at *2 (D.N.J. Aug. 17, 2021) (staying litigation and finding the burden on the defendant to be significant where defendant "must choose between waiving their Fifth Amendment rights and defending themselves in the civil lawsuit or asserting the privilege" and risk losing the civil case); Maloney v. Gordon, 328 F. Supp. 2d 508, 513 (D. Del. 2004) (finding prejudice to a litigant where proceeding with discovery required the movant to choose between asserting his rights or engaging in the civil matter); Mejia v. Bros. Petroleum, LLC, No. 12-2842, 2014 WL 7040145, at *3 (E.D. La. Dec. 11, 2014) (citation omitted) (finding prejudice to a litigant where he would be forced to "cho[o]se between his civil discovery obligations and his Fifth Amendment privilege against self-incrimination[ ]"). The Court concludes, therefore, that this factor weighs in favor of a stay of the proceedings.

### E. Interest of the Court

While Plaintiff is entitled to expeditious resolution of her lawsuit, allowing discovery to proceed could result in

11

inefficiency should defendant Jiampetti assert his Fifth Amendment rights as represented. "Not only would this burden the . . . Court with deciding a constant stream of privilege issues, but if some defendants were forced to assert the privilege while others were not, it would be difficult or impossible to fairly apportion liability because of the different factual record among defendants." Walsh, 7 F. Supp. 2d at 528-29; see also, Peterson v. Matlock, No. CIV.A. 11-2594, 2011 WL 5416571, at *5 (D.N.J. Nov. 7, 2011).

    A stay in the present matter also furthers the interests of the Court "by reducing the risk of duplication of effort." Walker, 2016 WL 1725942, at *3 (finding that proceeding with any discovery would not be judicially efficient despite plaintiff's argument that sexual offender defendant's testimony and statements were not necessary for discovery to proceed on a limited basis against alleged sexual offender defendant and otherwise against all remaining defendants). See also, Colombo, 2011 WL 5416058, at *6 (D.N.J. Nov. 4, 2011) (concluding, in a matter with multiple defendants where only one defendant was indicted, that because the "[p]laintiff's claims relate[d] directly to [the indicted defendant's] alleged actions . . . discovery with regard to the [other defendants would] likely be impeded, or affected, when [the indicted defendant] invoke[d] his Fifth Amendment privilege" and that a stay of the entire matter was warranted "in the interest of

12

efficiency and in avoiding piecemeal litigation"). Here, Plaintiff also raises the issue of unnecessary and duplicative discovery in her briefing, noting the prejudice that could result. Response in Opposition at *6-7. Accordingly, the Court concludes that this factor weighs in favor of a stay of the proceedings at this time.

**F. Public Interest**

The public interest is promoted by allowing the underlying criminal matter to proceed unimpeded and unobstructed by any Fifth Amendment privilege concerns that would likely arise in discovery for the civil matter. See Peterson, 2011 WL 5416571, at *2, 5; Maloney, 328 F. Supp. 2d at 513. Moreover, while the public has an interest in the civil case, the related criminal proceeding serves to advance many of those same interests, especially given the overlapping nature of the allegations in each. For these reasons, the Court finds that the public interest is furthered by allowing the criminal matter to proceed unimpeded and that there will be no harm to the public if the stay is granted.

## Conclusion

For the foregoing reasons, and for good cause shown, **IT IS** on this **28th** day of **January, 2022,** hereby **ORDERED** that defendant Jiampetti's Motion for a Stay [Doc. No. 18] is **GRANTED**; and it is further

**ORDERED** that this matter is stayed until further Order of the Court; and it is further

13

**ORDERED** that the Court will conduct a status conference on **April 1, 2022 at 11:00 a.m.** to consider whether to lift or continue the stay. The call-in number is 888-808-6929, access code 2170922#. At least 3 days prior to the conference, counsel for defendant Jiampetti shall provide the Court and all parties with an update on the status of the criminal case; and it is further

**ORDERED** that counsel for defendant Jiampetti shall notify the Court within 10 days of any disposition of the criminal matter.

s/ Matthew J. Skahill  
MATTHEW J. SKAHILL  
United States Magistrate Judge

cc:  Hon. Noel L. Hillman, U.S.D.J.